# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2277-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

M.L.S.,[1]

     Defendant-Appellant.

_____

Submitted February 6, 2019 – Decided July 29, 2019

Before Judges Fuentes and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 12-03-0501.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel; William P. Welaj, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief

---

[1] Pursuant to N.J.S.A. 2A:82-46 and Rule 1:38-3(c)(9), records relating to child victims of sexual assault or abuse are confidential. We use initials to refer to defendant because he had a familial relationship to the children-victims in this sexual abuse case.

Appellant Attorney, of counsel; Shiraz I. Deen, Assistant Prosecutor, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant M.L.S. appeals from the order of the Law Division, Criminal Part, denying his post-conviction relief (PCR) petition. We affirm.

On March 9, 2012, defendant was indicted by an Ocean County grand jury and charged with one count of first degree aggravated sexual assault of R.M., a child under the age thirteen, N.J.S.A. 2C:14-2(a)(1); one count of second degree sexual assault of R.M., N.J.S.A. 2C:14-2(b); three counts of first degree aggravated sexual assault of S.M., a child under the age of thirteen, N.J.S.A. 2C:14-2(a)(1); one count of second degree sexual assault of S.M., N.J.S.A. 2C:14-2(b); one count of first degree aggravated sexual assault of T.S., a child who was over thirteen but less than sixteen years old, and was related to defendant by blood or affinity to third degree, N.J.S.A. 2C:14-2(a)(2)(a); and one count of second degree endangering the welfare of a child by knowingly engaging in sexual conduct with T.S., which would impair or debauch the morals of a child, N.J.S.A. 2C:24-4(a).

Defendant was tried before a jury over several days in March 2013. On March 21, 2013, the jury found defendant guilty of seven out of the eight counts

in the indictment. Specifically, the jury found defendant not guilty of one count of first degree aggravated sexual assault of S.M. Defendant appeared before the trial court for sentencing on July 12, 2013. After considering the arguments of counsel and the information contained in the pre-sentence investigation report, the court merged the second degree sexual assault convictions with the convictions for first degree aggravated sexual assaults, and imposed an aggregate term of twenty years, with an eighty-five percent period of parole ineligibility, and five years of parole supervision, as required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. On the conviction for second degree endangering the welfare of a child, the court imposed a consecutive term of ten years, with an eighty-five percent period of parole ineligibility, and three years of parole supervision, as mandated by NERA.

On direct appeal, this court affirmed defendant's conviction and the sentence imposed by the trial court. State v. M.L.S., No. A-5889-12 (App. Div. Sept. 21, 2016), and the Supreme Court denied defendant's petition for certification. State v. M.L.S., 228 N.J. 473 (2017). On March 23, 2017, defendant filed a PCR petition alleging ineffective assistance of trial counsel. Defendant claimed his trial attorney erroneously failed to subpoena records from

3

the Division of Youth and Family Services (DYFS)[2] that would have allegedly proved that one of the victims was not residing with defendant at the time of the sexual assaults. Defendant also claimed his trial counsel failed to call as a witness a friend of one of the victims who often had overnight visits at the victim's house. Defendant claims this witness would have testified that she never saw defendant behave inappropriately.

After oral argument, the PCR judge denied defendant's petition without an evidentiary hearing. Judge James M. Blaney found defendant did not make out a prima facie case of ineffective assistance under the two-prong standard established in Strickland v. Washington, 466 U.S. 668 (1984). The judge found defendant presented only self-serving assertions in support of his criticism of his trial counsel's performance. Judge Blaney explained his ruling in a memorandum of opinion.

Defendant raises the following argument in this appeal:

> POINT I
>
> THE POST-CONVICTION RELIEF COURT ERRED
> IN DENYING THE DEFENDANT'S PETITION FOR

---

[2] On June 29, 2012, the Department of Children and Families renamed the Division of Youth and Family Services as the Division of Child Protection and Permanency (DCPP). L. 2012, c. 16 § 20.

A-2277-17T4

POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

We reject this argument and affirm. A PCR petition is our State's analogue to the federal writ of habeas corpus. State v. Afanador, 151 N.J. 41, 49 (1997) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). We review a claim of ineffective assistance of counsel under the two-prong test established by the United States Supreme Court in Strickland. 466 U.S. at 687. A defendant must first demonstrate that defense "counsel's performance was deficient." Ibid. Second, she or he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A court presented with a PCR petition is not obligated to conduct an evidentiary hearing. State v. Jones, 219 N.J. 298, 311 (2014). Rule 3:22-10 confers upon the court the discretion to conduct such a hearing only "if a defendant has presented a prima facie case in support of PCR . . . ." Jones, 219 N.J. at 311 (citing State v. Marshall, 148 N.J. 89, 158 (1997)). Once a prima facie case has been established, the claims of ineffective assistance of counsel

ordinarily require consideration of "evidence that lie[s] outside the trial record." Preciose, 129 N.J. at 460.

Here, defendant merely claimed that certain DYFS records allegedly contain exculpatory information. Defendant has not offered anything beyond his bare assertion to support his claim. The PCR court assigned counsel to assist defendant in prosecuting the petition. PCR counsel could have subpoenaed these records for in camera review by the PCR judge. PCR counsel could have also obtained a certification from the alleged overnight guest to support defendant's claim. However, as Judge Blaney noted in his written decision, defendant "provided no explanation as to how these alleged DYFS records or [the witness's] testimony would have favorably influenced his trial."

Defendant's unsupported assertions did not make out a prima facie case of ineffective assistance of trial counsel under the two-prong Strickland test. Judge Blaney correctly denied defendant's PCR petition without conducting an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2277-17T4